ALBERT  W.  RISING  ET  AL.  V.  WILLIAM  A.  NASH.

FILED  MAY  20, 1896.    No. 6504.

Instructions: ISSUES.    An instruction which gives undue prominence to subordinate elements of the issues and is calculated to mislead the jury, is erroneous and its giving may call for a reversal of the judgment.

ERROR from the district court of Butler county. Tried below before WHEELER, J.

*Matt Miller* and *George P. Sheesley*, for plaintiffs in error.

*A. J. Evans* and *Steele Bros., contra.*

HARRISON, J.

In this action the defendant in error sought to recover of the plaintiffs in error the amount alleged to be due upon a promissory note, which it was further pleaded was made and delivered by plaintiffs in error to one Thomas Wolfe, and of which the defendant in error became the assignee by *bona fide* purchase before its maturity, for a valuable consideration and without notice. The plaintiffs in error answered and stated, in substance, the execution and delivery by them of a note to the First National Bank of David City, evidencing their indebtedness to the bank in the amount of a loan obtained of it, and the usurious nature of the contract of loan; the execution and delivery of another note in renewal of the first; the giving of a third note to Thomas Wolfe, president of the bank, as a renewal of the second, which had run in terms to the bank; also averred renewal notes succeeding this third note, leading up to and including the note in suit, which was the last of the series, and all of which were alleged to have been for the benefit of the bank, whether written in its favor or running in terms to its president, Thomas Wolfe, and each and all claimed to be tainted with the vice of usury, both by reason of the usurious character of the original loan and as separate and independent transactions. The note sued on was payable by its terms to Thomas Wolfe. It was further pleaded in the answer that at the inception of the transactions in which the several notes referred to in the answer were executed and delivered, and throughout the entire time of the course of such transactions, Thomas Wolfe was president of the aforementioned bank. A number of payments were pleaded to have been made at

various dates on the indebtedness, and all allegations of the petition in relation to the good-faith character of the purchase of the note in suit by defendant in error were denied. The reply admitted that Thomas Wolfe was president of the bank, and denied each and every other allegation of new matter contained in the answer. The defendant in error, in a trial, was awarded a verdict by the jury and a judgment thereupon by the court.

Two alleged errors are urged in behalf of plaintiffs in error as sufficient to work a reversal of the judgment, viz.: That the verdict was not supported by the evidence, and that the trial court erred in giving paragraph numbered 10 of its instructions to the jury. The paragraph of the instructions against which the complaint is made is as follows: "You are further instructed that if you find that the note in question is usurious, and is a renewal of another note or notes also usurious, and that the amount of money paid by the defendant on the series of notes renewed from time to time equalled or exceeded the whole amount of money actually received by the defendant on all of said notes, and if you further find from the evidence that the note sued upon was taken as a renewal in the name of Thomas Wolfe as a subterfuge or for the purpose of evading the usury laws, and that the same was transferred to this plaintiff also for the purpose of evading the usury laws, with his knowledge of that fact, then you will find for the defendant, as under the law all money paid on usurious contracts must be applied in payment of the amount of money actually received by the defendant." It will be noticed that the jury were informed that if from the evidence it reached a conclusion that the transactions in controversy were usurious, and further should find from the evidence that the note upon which this action was predicated was taken as a renewal in the name of Thomas Wolfe as payee as a subterfuge or for the purpose of evading the usury laws, and was transferred to the plaintiff (defendant in error) also for the purpose of evading the usury laws, to his

knowledge, then the finding should be for the defendants
(plaintiffs in error). The foregoing imported or intro-
duced into the issues of the case one matter which was
not there specifically, either by pleading or the evidence,
while it may be said that it was incidental to or elemental
of the general issues on this subject, and required the
jury to affirmatively find its existence from the evidence
as a preliminary to or as a part of a general finding
favorable to plaintiffs in error. This was that the mak-
ing of the note to Thomas Wolfe as payee was a subter-
fuge, or for the purpose of evading the usury laws. The
only controversy on this point was whether the note,
apparently on its face to Thomas Wolfe, in reality be-
longed to the bank, or was it given for the benefit of the
bank? While the instruction told the jury that if such a
finding was arrived at from the evidence, joined with
others it would warrant a verdict for plaintiff in error,
and did not, as is urged by counsel for defendant in error,
inform the jury that it would necessitate a general con-
clusion in favor of plaintiffs in error, yet it was calculated
to mislead that body, or some of its individual members,
and cause an inference to be drawn that this was one of
the essential or preliminary findings, without which there
could not be a verdict for plaintiffs in error. If it ap-
peared in the case that the ownership of the note rested
in the bank, the intent or purpose with which it was made
to appear to belong to Thomas Wolfe, while it might have
been inferred from the main fact, and that it was to evade
the usury laws, was not material to the determination of
the disputed points, but by this instruction it was forced
to the front, being subordinate and unimportant, was
made commanding and important, probably to the exclu-
sion, in the minds of the jurors, of subject-matters which
should have been governing ones. The further portion of
the instruction, wherein it was stated if the jury deter-
mined that the note was transferred to defendant in error
for the purpose of evading the usury laws, he knowing
such fact, the jury should find for plaintiffs in error, was

as faulty as the prior statement which we have discussed. If the defendant in error had notice of the infirmity inherent in the contract embodied in the instrument transferred, then, whether assigned for the purposes set forth in the instruction or not, was wholly immaterial. The main question was ignored and the attention of the jury more than probably diverted from it to something which, although not a governing fact in the determination of the issues, from the prominence given it in this portion of the charge may have been considered so by some or all of the jurors, and although convinced by the evidence of the existence of the main fact,—*i. e.*, the knowledge of defendant in error, at the time of the transfer of the note, of the usurious character of the contract evidenced by it,—a number, or all, may have entertained the idea that unless it was further proven that it was with the purpose in view stated in the instruction, the proper conclusion did not follow. The paragraph of the instructions under consideration was erroneous and liable to mislead the jury, to the prejudice of the rights of the plaintiffs in error.

It is urged by counsel for defendant in error that in a prior instruction, numbered 9, the trial court correctly defined what constituted a person a *bona fide* purchaser or holder of a negotiable promissory note, and that numbered 10, when considered in connection with this immediately preceding one, and with the whole of the charge to the jury, is not erroneous. We have examined the instruction numbered 9, and, when construed in connection with it or with the charge as a whole, we cannot see wherein it cures the defects in paragraph 10, or relieves it of its tendency to mislead the jury.

As the judgment, because of the errors in the instruction, must be reversed and the case remanded for a new trial, we will not now discuss the assignment of errors in regard to the insufficiency of the evidence to support the verdict.

REVERSED AND REMANDED.

POST, C. J., not sitting.