ABRAHAM L. TIDD, APPELLEE, V. C. LAWRENCE STULL, APPELLANT.

FILED MARCH 8, 1935. No. 29201.

*W. A. Robertson,* for appellant.

*Abraham L. Tidd, pro se.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOOD, J.

This is an action to recover for services rendered as an attorney. Defendant admitted the employment of plaintiff in three different actions, and alleged that in two of them the amount of attorney's fees had been agreed upon and fully paid; that in the third case plaintiff commenced and was to carry to final determination an action, but withdrew before the trial and, therefore, was entitled to no fee in that case. Defendant also filed a cross-bill in which he

alleged that he had paid to plaintiff certain specified sums for expenses, and that plaintiff had not incurred expenses to the amount of the payments, and prayed for the difference between payments and the actual expenses. A trial to a jury resulted in a verdict for plaintiff for the full amount of his claim and no allowance to defendant upon his cross-claim. Defendant has appealed.

In this court defendant alleges error in the rulings of the court on the admission and rejection of evidence, but points to no place in the record where such rulings appear, and a careful reading of the bill of exceptions fails to disclose any error in that respect.

Defendant complains of several instructions given by the court to the jury, particularly of the first instruction, in which the court fully outlined to the jury the issues presented by the pleadings, but in one place inadvertently used the word "plaintiff" where it should have read "defendant." That part of the instruction reads: "That the plaintiff appeared as such attorney in said suits and performed certain legal services for and on behalf of the *plaintiff*." From a reading of the whole instruction and the entire charge to the jury, it is apparent that it was an inadvertent substitution of the word "plaintiff" for "defendant." No one could have been misled thereby, and, while it was technically erroneous, it was not prejudicial. A judgment will not be reversed for harmless error.

Complaint is also made of one of the instructions of the court, wherein the jury were informed, in effect, that, if an attorney withdrew from a case without just cause after he had undertaken the trial of the case, he could not recover anything for the services rendered in such action, but that, if he had reasonable grounds for withdrawing, he was entitled to recover for the value of the services rendered. It is complained that the court did not fully define what would constitute just cause for an attorney withdrawing from a case before the completion of the trial. The facts were fully before the jury and were sufficient to justify plaintiff's withdrawal from the case. De-

fendant requested no instruction. Had he desired a more elaborate statement, he should have prepared and submitted an instruction covering that point. The instructions of the court covered every issue raised by the pleadings. The court was not required to go further unless requested so to do.

It is insisted that the evidence is insufficient to sustain the verdict. The evidence shows that plaintiff tried two cases for defendant in the district court for Perkins county, for which services he claimed $250; also that plaintiff began an action for defendant in the district court for Cass county, and, after filing a petition and first and second amended petitions therein, withdrew from the case. Plaintiff claimed the service was worth $75. Two reputable attorneys testified to the value of the services rendered by the plaintiff and fully substantiated his contention for the amount claimed for all the services rendered. The only evidence to the contrary was given on behalf of defendant to the effect that plaintiff had undertaken to perform services in the district court for Perkins county for an agreed amount; that plaintiff had been fully paid therefor; that plaintiff had undertaken a trial of the cause in the district court for Cass county, but had withdrawn from the case without its being carried to completion, and that therefore he was entitled to nothing in that cause. The evidence of plaintiff was to the effect that there was no agreement as to amount of compensation, and that he was entitled to the reasonable value of the services rendered.

This presented a question of fact. The evidence was in conflict. The cause was properly submitted to the jury. Their finding is conclusive.

We find no prejudicial error in the record. Judgment

AFFIRMED.