GUSTAV KRAEMER, APPELLANT, v. NEW YORK LIFE INSUR-
ANCE COMPANY, APPELLEE.
278 N. W. 886

\ FILED APRIL 8, 1938. No. 30268.

Edward F. O'Brien, W. V. Steuteville and W. G. Jepson,
for appellant.

Brown, Fitch & West, contra.

Heard before GOSS, C. J., EBERLY, PAINE, CARTER and
MESSMORE, JJ., and LIGHTNER and SPEAR, District Judges.

GOSS, C. J.

Action on an insurance policy to recover for disability.
The jury returned a verdict for defendant. From a judg-
ment thereon plaintiff appealed.

July 9, 1929, plaintiff purchased a policy of insurance
from defendant. The policy was for $2,500 or for $5,000
(double indemnity) if death resulted from accident. The
company agreed to pay the insured a monthly income of
$25 and to waive payment of premium falling due during
continuous total disability. The consideration was the
payment of $102.33 premium paid in advance and a like
sum each calendar year, payable July 9. The premium
included $3.13 for the double indemnity benefits and $13.80
for the disability benefits. Premium could be paid annually,
semiannually or quarterly in advance. Plaintiff alleged and
the answer admitted that premiums were paid only to
January 9, 1933. The suit was begun July 31, 1936.

Plaintiff alleged that on or about December 10, 1932, while carrying a half hog on his right shoulder, a ladder stationed in an upright position on his hog-house fell and struck the half hog, and plaintiff thereby sustained a severe injury to his spinal cord between the shoulder blades, and as a result thereof plaintiff has been continually and totally disabled; that said injury so affected plaintiff's mental and physical condition that he was unable to carry out the ordinary business duties incidental to his occupation and his condition grew gradually worse, and due to this condition plaintiff failed to pay the premium on his policy due in January, 1933; plaintiff pleads that the policy contained this provision among other things: "In event of default in payment of premium after the insured has become totally disabled as above defined, the policy will be restored and the benefits shall be the same as if said default had not occurred, provided due proof that the insured is and has been continuously from date of default so totally disabled and that such disability will continue for life or has continued for a period of not less than three consecutive months, is received by the company not later than six months after said default." Plaintiff alleges that, by reason of plaintiff's aforementioned impaired mental faculties due to the spinal injury, he did not notify defendant of his injury within the time stipulated in the policy and had forgotten and could not reasonably have remembered the existence of his policy of insurance; that as a proximate and direct result of said spinal injury plaintiff, on or about August 24, 1933, contracted sleeping sickness from which he regained consciousness about October 15, 1933; that the degenerative process left plaintiff with a total lack of business aptitude, and he did not become aware of the existence of the policy of insurance until he had reached a more normal state of mind, to wit, June, 1935, and notice was promptly thereafter given to defendant within the time stipulated in the policy, to wit, on or about July 1, 1935.

The answer of defendant denied each and every allega-

tion not admitted to be true; admitted that the policy was issued, and alleged the default of premium occurred on January 9, 1933, and still exists; pleads provisions of the policy as to proofs of disability to be furnished the company not later than six months after default, and alleges that plaintiff failed to furnish proofs of alleged disability within six months after the default, and denies that plaintiff suffered total and permanent disability as set forth in the contract.

The case was tried before a jury and both sides tendered evidence which was received and made a case upon which the jury could have found either for plaintiff or defendant. No fault is found with the instructions of the court. The vital assignment of error is that the verdict is not sustained by the evidence and is contrary to the evidence.

It may be said that in their testimony plaintiff and his witnesses described the manner in which he was injured and the effect upon him. There was an attempt to excuse the failure of plaintiff to make any claim for disability until long after the time fixed in the policy for such notice because of mental impairment to such an extent that plaintiff forgot that he had such a policy. Over against this there was evidence before the jury to the effect that in the spring of 1933 he remembered that he had a safety deposit box in the bank with his papers in it, remembered at that time, when he got a notice from the receiver of the bank, that Mr. Johnson was the receiver, that the receiver was at the bank at stated periods, and that he had a matter of business on which he wished to consult Mr. Johnson and remembered to see Mr. Johnson and to have conversation with him, remembered to get the papers out of the box and to take the envelope home with him. The insurance policy involved was in that envelope. All of this was within time to have given notice of disability under the policy. The failed bank from which he got the papers was in his market town a few miles from his home, where he went every week or two after his injury.

The fifth instruction given to the jury by the court con-

448

tained five propositions submitted to the jury in the form of questions for their deliberation. The fourth proposition was: "And was the plaintiff so disabled by reason of the injury as to prevent or excuse him from giving notice to the defendant company as to the disability caused by the injury?" Under the evidence before the jury they were justified in finding that his memory was not affected so as to excuse him from giving notice within the time provided by the policy.

In a law action, a verdict of a jury based on conflicting evidence will not be disturbed unless clearly wrong. *Tidd v. Stull*, 128 Neb. 506, 259 N. W. 369; *Harrell v. People's City Mission Home*, 131 Neb. 138, 267 N. W. 344.

It is true that defendant did not by direct testimony expressly contradict much of the testimony of plaintiff and some of his corroborating witnesses. It left the credibility of their testimony to the jury for consideration on its merits including the effect of cross-examination. In *Baker v. Racine-Sattley Co.*, 86 Neb. 227, 125 N. W. 587, the rule was stated as follows: "Ordinarily the credibility of a witness is a question for the determination of the jury, and it is within their province to credit the whole of his testimony or any part of it which appears to them to be convincing, and reject so much of it as in their judgment is unworthy of credit."

No error has been shown. For the reasons stated in the opinion, the judgment of the district court is

AFFIRMED.