ELIJAH N. PORTERFIELD, APPELLANT, V. BUFFALO COUNTY
PUBLIC POWER DISTRICT ET AL., APPELLEES.

295 N. W. 379

FILED DECEMBER 10, 1940.   No. 30920.

*Nye & Nye,* for appellant.

*Frederick M. Deutsch* and *H. L. Blackledge, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE,
MESSMORE and YEAGER, JJ., and ELDRED, District Judge.

SIMMONS, C. J.

About 1905 the plaintiff planted a row of trees, alternating cottonwood and elm, along the west, north, and east sides of his farm, the north half of a section of highly developed land. In June, 1938, the defendant power company, its agents, and contractors (all are defendants) cut down eighteen of these trees along the west line to make way for a power line. The cutting of the trees was without notice to or permission of the plaintiff. Plaintiff sues to recover his damages.

Plaintiff's evidence showed the planting, cultivation, growth of the trees, and their value as ornaments and in preventing wind erosion and moisture evaporation. Plaintiff's witnesses fixed the value of the trees at sums ranging from $40 to $80 a tree, based upon their ornamental value, value to the land, and replacement cost. They further testi-

fied that the value of the land had been depreciated as much as $10 per acre for the 320 acres. Others testified that the land east for 40 to 50 rods from the west line had been depreciated in value as much as $20 an acre, because of the loss of protection from prevailing winds.

Defendants' witnesses testified that, as a result of the grading of the highway along the west line of plaintiff's farm in 1932, a considerable part of the roots of the trees had been cut off; that there had been a prevailing drought in that area which had been detrimental to all trees; that many of the trees along the west side of plaintiff's farm had died previous to the cutting complained off; that the trees cut and remaining were either dead or not in a healthy condition; that the trees had no ornamental value; that living trees destroyed the productivity of the soil as far out from the base as the tree was high; that because of the removal of the trees, the fertility and productivity of the land were restored, and that defendants' acts improved the value of plaintiff's land to that extent; and that plaintiff's land had not been depreciated in value because of the destruction of the trees.

The jury fixed the amount of plaintiff's damage at $100.

The plaintiff presents to this court twelve assignments of error. These may be reduced to two contentions:

First, the verdict of the jury is so inadequate as to indicate that it was given under the influence of passion or prejudice.

Second, the court did not permit the jury to find the value of the trees destroyed independent of their value to the land.

As to plaintiff's first contention: The rule is: "When the amount of damages allowed by a jury is clearly inadequate under the evidence in the case, it is error for the trial court to refuse to set aside such verdict." *Dolen v. Beatrice Restaurant Co.,* 137 Neb. 247, 289 N. W. 336. It is apparent, under plaintiff's evidence, that the damages allowed by the jury are inadequate. It is likewise obvious that the jury refused to accept plaintiff's evidence as controlling and did

largely accept defendants' evidence as to damages. It is the responsibility and duty of the jury to make a determination where facts conflict. The evidence of defendants sustains the verdict. The credibility of the witnesses is for the jury, and not the court, to determine. "In a law action, a verdict of a jury based on conflicting evidence will not be disturbed unless clearly wrong." *Kraemer v. New York Life Ins. Co.*, 134 Neb. 445, 278 N. W. 886.

As to the second contention: Plaintiff in his second amended petition set out a "cause of action" against the defendants. He alleged the destruction of the trees, "that the reasonable value of said trees destroyed, as aforesaid, is the sum of $1,200, and plaintiff has been damaged by the destruction thereof, in the sum of $1,200," and that "the farm lands of plaintiff * * * have been greatly damaged" by reason of the destruction of the trees "in excess of the sum of $3,500." Plaintiff prayed for judgment "in the sum of $1,200 on account of the destruction of said trees, and in the sum of $3,500 on account of damages that plaintiff has sustained by reason of the appropriation of said trees, and of his said property."

At the beginning of the trial, as his own witness, plaintiff was asked, "What value would you place upon those trees that were cut down?" Objection was made by defendants that it was "not within the issues, and not a proper element of damages in this case." The court stated: "The measure of damages is the value of the premises with the trees standing out there, growing * * * and then what was it worth after the trees were cut down or removed, and that difference is the measure of damages. But, in order to determine what value those trees had to the land, I expect the witness could testify as to what he thought those trees were worth, standing there, to the land, and in that way we get an opinion as to what the value of the premises was before the trees were cut down. That is the theory upon which I am permitting it in. But, eventually, I shall instruct the jury, as I have stated, on the law." Plaintiff made no objection to that statement of the court and proceeded with

his proof, including proof as to the market value of the land before and after the trees were cut down.

The case proceeded throughout the trial on the theory outlined by the court. The trial court in his instructions to the jury set out plaintiff's petition in detail, including the allegations above quoted and the amounts of damages for which he prayed judgment.

As to the measure of damages, the court instructed the jury that, "In determining said damages, you must first find the fair, reasonable market value of plaintiff's premises with the trees standing in the highway (taking into consideration their value to the farm for all purposes to which they are adapted) just before they were removed, and then determine the fair, reasonable market value of defendant's (plaintiff's) premises just after the trees were removed. The difference between such values, if any, will be the damages and the amount of your verdict," and "If you believe from the evidence the plaintiff's land received a special benefit by the cutting of the trees in the restoration of the land along the trees, then you can offset said benefit, if any, against the damages, if any, you find plaintiff has sustained."

The plaintiff does not assign the giving of the above instructions as error, either in his motion for a new trial or before this court.

We do not determine whether or not the instructions were erroneous. The rule is: "Where a certain theory as to the measure of damages is relied upon by the parties to a trial and adopted by the trial court in submitting the case to the jury, it will be adhered to on appeal whether such theory is correct or not." *Behle v. Loup River Public Power District, ante,* p. 566, 293 N. W. 413.

All assignments of error by plaintiff have been examined. Prejudicial error is not found.

AFFIRMED.