PATRICIA TIGHE, APPELLEE, V. INTERSTATE TRANSIT LINES, APPELLANT.

FILED SEPTEMBER 21, 1934.   No. 28898.

*Dressler & Neely* and *Hugo J. Lutz*, for appellant.

*Mossman, Anderson & Meissner* and *John A. McKenzie*, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LANDIS, District Judge.

LANDIS, District Judge.
This is an action at law by Patricia Tighe, plaintiff, to

recover damages for personal injuries claimed to have been sustained while riding as a passenger in a bus owned and operated by the Interstate Transit Lines, a corporation, defendant. Verdict was rendered in favor of the plaintiff and from judgment thereon defendant appeals.

One of the issues litigated was whether or not the plaintiff was barred from maintaining the suit on account of a contract of compromise and settlement in the sum of $100, plus medical and hospital expense, which was made with appellee before the commencement of the action. In its answer appellant set up the written contract of settlement as a bar to appellee's cause of action. Appellee, by way of reply thereto, admitted signing the contract of settlement, but alleged fraud and deceit as the sole grounds for avoiding it. In the order overruling appellant's motion for new trial, appellee was given leave to amend her reply by adding thereto: "That the release obtained by the defendant from the plaintiff was obtained under a mutual mistake of fact had by each of the parties as to injuries unknown and also as to the severity of certain injuries which the plaintiff had received; this amendment being made in addition to the facts alleged and set out in the reply heretofore filed."

Instruction No. 4 is as follows:

"The court presents the questions involved to you in two subdivisions, and the first one so presented relates to the claimed settlement shown by the evidence and by the statements of the parties in the answer and reply.

"As to the first the court instructs you that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence that there was a mutual mistake at the time the settlement was made on the part of both parties as to the serious nature of her condition, and that if she had known of the true fact of the serious and more or less permanent condition of herself resulting from said injuries, she would not have signed the settlement papers or have received the said one hundred dollars, and that in good conscience said settlement so effected by reason of a

mutual mistake of the parties should not stand. Should the plaintiff establish the proposition in this instruction presented, and which she is bound to maintain by a preponderance of the evidence, then you will find for the plaintiff as to this department of your inquiry, and then proceed to consider the general claims of the plaintiff as to her injuries received at the time of the accident involved."

Appellant offered instruction No. 7 dealing with the question of mutual mistake and thereby asked the court to instruct the jury upon the law with reference thereto. While the instruction as offered was refused, yet the court thereby was invited to and did instruct as to mutual mistake. No instructions whatever were given by the trial court on the litigated issue of fraud and deceit as avoiding the release. The record reflects in this case, concerning the validity of the contract for compromise, settlement and release, two issues: First, was the release void on account of fraud and deceit practiced by appellant's agents; and, second, was it void by reason of mutual mistake of the parties? The trial court instructed as to mutual mistake as requested by the appellant, but nowhere in the instructions was there any reference to guide the jury on the issue of fraud.

Appellant's complaint as to the court instructing on mutual mistake cannot be sustained. After a request to so instruct appellant is not now in position to object. It is well settled that a party cannot complain that it is error to instruct as he requested. You cannot invite the court to instruct one way, have compliance with your request, and then complain of it.

"A party is estopped to predicate error on the submission of an issue or question to the jury, where the submission was made in compliance with his request; and it is of no importance that the submission was made in a form other than that requested. The principle has been applied where a party, after procuring the submission of an issue, urged that the issue was not supported by the

evidence, or that it was not within the pleadings." 4 C. J. 712. See 2 R. C. L. 238, sec. 198; *Dawson v. Williams,* 37 Neb. 1; *Jonasen v. Kennedy,* 39 Neb. 313; *Omaha Fair & Exposition Ass'n v. Missouri P. R. Co.,* 42 Neb. 105; *Farmers Mutual Ins. Co. v. Cole,* 4 Neb. (Unof.) 130; *Swigart v. Gentert,* 63 Neb. 157; *Farmers Bank of Nebraska City v. Garrow,* 63 Neb. 64.

The serious question raised is the failure of the trial court to instruct the jury upon the issue of fraud and deceit presented by the pleadings and the evidence. In *Kimball v. Lanning,* 102 Neb. 63, the rule is announced: "It is reversible error for the trial court to fail to instruct the jury respecting the law that is applicable to the material issues that are raised by the pleadings and that are supported by the proof." It was held in *Giveen v. Matthews,* 118 Neb. 125: "Where a case is submitted to a jury upon two causes of action, it is error not to instruct the jury clearly and definitely upon each cause of action." In *Blue Valley State Bank v. Milburn,* 120 Neb. 421, it was decided by this court: "It is the duty of the court to instruct the jury upon the issues presented by the pleadings and evidence, whether requested so to do or not."

We have the unusual condition reflected in this record of the question of whether the release was obtained by fraud and deceit as an important issue, vigorously litigated all through the trial, and yet the court did not mention it in the instructions to the jury. The jury were called upon to pass upon the validity of the release. Whether they invalidated it because of fraud or on the ground of mutual mistake is not a matter which can be determined inasmuch as the verdict is a general one.

Under the peculiar circumstances of this case it is quite apparent that appellant has not had a fair trial. Prejudicial error had been committed in not properly instructing the jury on an issue presented by the pleadings and evidence. Hence, the judgment is reversed and the cause is remanded for a new trial.

REVERSED.