FRANK MILLSLAGLE V. STATE OF NEBRASKA.

295 N. W. 394

FILED DECEMBER 20, 1940. No. 30761.

*Greydon L. Nichols,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Rush C. Clarke, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

MESSMORE, J.

The original opinion in this case, reported in 137 Neb. 664, 290 N. W. 725, properly disposes of the meritorious assignments of error raised, with the possible exception hereinafter discussed. The case is here on reargument. The point involved has to do with the admissibility of the following evidence, rulings thereon by the trial court, and the interpretation placed thereon in the original opinion. It develops from an alleged conversation between Ernest L. Davis, special agent for the Nebraska Stock Growers Association, and Mrs. Millslagle, wife of plaintiff in error (defendant), between 4 and 5 o'clock in the afternoon of November 22, 1938, in the sheriff's office at Chadron, Nebraska, in the presence of Roy (Bus) Shumway, an accomplice and brother of Mrs. Millslagle, and Ed Har-

rison, deputy sheriff of Dawes county, and without the presence of defendant Frank Millslagle. The evidence, admitted on rebuttal, follows, the county attorney propounding the questions, and defendant's counsel interposing objections thereto:

"Q. (1389) Did Roy Shumway make any statement to his sister Mrs. Millslagle concerning the evening of October, or the evening or night of October 11, 1938, in your presence at this time?" Objected to as asking for hearsay and incompetent. Overruled. County attorney: "Just answer yes or no. A. Yes. Q. And what did Roy Shumway say to Mrs. Millslagle?" Objected to as incompetent, immaterial, not binding on the defendant, hearsay, not impeaching as far as Mrs. Millslagle is concerned. The court: *"I understand it was said in the defendant's presence. If it was, he may answer.* (Italics ours.) A. Mrs. Millslagle and Bus were talking and Bus said, 'You remember the night I got out to your place and you came to the door and you tried to get Frank and I not to get the cattle,' and she wouldn't reply to it. She didn't make any statement in regard to that, and then she said, 'Well —' " The court: "Just a minute. Was Mrs. Millslagle asked about that?" County attorney: "She was asked about this conversation." The court: "About this conversation?" "Yes; while she and her brother—" The court: "Does she deny that?" "No; this corroborates Mrs. Millslagle's statement." The court: "It is not intended as impeaching?" "Yes; what she said immediately afterwards is contrary to what she testified. To this point it corroborates her statement." The court: "Go ahead." Counsel for defendant: "The defendant moves to strike this testimony as not rebuttal, incompetent, irrelevant and immaterial." The court: "I understand it is only preliminary. Overruled."

"Q. (1392) You have stated that Roy Shumway called to her attention the fact that on that evening she tried to get them not to go after the cattle and she refused to admit that, is that true?" Defendant's counsel objected as not proper rebuttal, incompetent, irrelevant, and im-

material. The court: "Overruled." "Q. (1393) Now, thereafter did Mrs. Millslagle make any statement? A. Yes; then was when she made that statement." Objected to as incompetent, irrelevant and immaterial, and not proper rebuttal. The court: "Overruled." "Q. (1395) Did she make any further statements to you or to Mr. Harrison in your presence and in the presence of Roy Shumway as to when and under what conditions she would tell you more about that matter? A. Yes. (No objection) Q. And what did she say in that regard?" Objected to as not proper rebuttal, incompetent, irrelevant and immaterial, and no sufficient foundation. The court: "You asked her about that on direct examination—I mean cross-examination?" County attorney: "Yes." The court: "Overruled. A. Well, she said if she could see Frank she would tell us about it but she didn't want to make Frank mad at her." Reporter's note: "The following questions herein set out are part of the direct examination of Mr. E. L. Davis in rebuttal." The court, in addressing defendant's counsel, said: "There are several objections that I possibly should sustain." At this point Q. 1500 was read by the reporter, which is in fact Q. 1389. There was no answer to the question read. The court ruled as follows: "Just show that the objection is sustained. The answer will be stricken and disregarded by the jury. Go ahead." Q. 1501 (in fact, Q. 1390) was read as was the answer, "Yes." The court: "That answer will be stricken too." Q. 1502 (in fact, Q. 1391) was read; the answer was not read. The court: *"The court was mistaken about that being in the defendant's presence and the objection should be sustained and is now sustained.* The answer will be stricken and disregarded by the jury." (Italics ours.) Defendant's counsel: "I am willing to state, your Honor, that I thought the reporter preserved at the time that you so understood that it was in the presence of Mr. Millslagle." Defendant's counsel: "The defendant moves to strike the testimony as not rebuttal, incompetent, irrelevant and immaterial." The court: "At this time that motion is

sustained and all of this is stricken and will be disregarded by the jury." Q. 1503 (in fact, Q. 1392) was read. The court: "It is now sustained (referring to the objection) and the answer will be stricken and disregarded by the jury." Q. 1504 (in fact, Q. 1393) was read, as well as the answer. The court: "Apparently the answer was in before the objection was made, but it will be sustained and the answer stricken and disregarded by the jury." Q. 1505 (in fact, Q. 1395) and Q. 1506 (in fact, Q. 1396) were read, the latter reading: "And what did she say in that regard?" Objection was made by defendant's counsel. The court: "Sustained. The answer will be stricken and disregarded by the jury." The court: "Gentlemen, those questions and answers to which objections were sustained and the answers stricken will be totally disregarded by you."

It is obvious from the record that the pertinent objections of defendant's counsel were sustained and the answers stricken without the answers being read to the jury, except as heretofore shown, when the court sought to correct the record. The court admonished the jury to disregard the evidence so stricken. Defendant's counsel did not move for a mistrial, based on the rulings of the court and its treatment of the evidence. Even the motion for a new trial contained no assignment of error with reference thereto; nor was the matter pressed in this court at any time. We believe the following Nebraska authorities properly announce the rule pertinent to this situation:

This court in *Triplett v. Lundeen,* 132 Neb. 434, 272 N. W. 307, held that defendants were not entitled to complain of misconduct of plaintiff's counsel where defendants' counsel knew of such misconduct, and did not ask for a mistrial, but elected to proceed and take the chance of a favorable verdict. It was stated in the opinion (p. 442): "There is another reason why defendants cannot complain of the misconduct of counsel for plaintiff. Counsel for defendants knew of it at the time. If they were not satisfied that the jury could give defendants a fair trial, they had the opportunity of asking for a mistrial, but elected

to proceed and take the chances of a favorable verdict. Defendants are not, therefore, in a position to complain of such misconduct." See, also, *Ellsworth v. City of Fairbury*, 41 Neb. 881, 60 N. W. 336.

Misconduct of adverse counsel may not be complained of by one failing to ask for a mistrial, although knowing of the misconduct and consenting to take chances of a favorable verdict. *Long v. Crystal Refrigerator Co.*, 134 Neb. 44, 277 N. W. 830. And in the early case of *Chamberlain v. Brown*, 25 Neb. 434, 41 N. W. 284, this court held: "Error cannot be assigned upon a ruling or action of the district court made or taken with the consent of the complaining party."

5 C. J. S. 227, sec. 1514, in substance, states: Where a party at the trial consents to and acquiesces in the making of a ruling with reference to the admission, rejection or striking out of evidence, and such ruling or action on the part of the trial court does not constitute a fundamental error, such party is estopped to predicate error thereon in the appellate court. See, also, *Fox v. Hazelton*, 10 Pick. (Mass.) 275; *Cady v. Norton*, 14 Pick. (Mass.) 236; 1 Wigmore, Evidence (3d ed.) 322.

We conclude the defendant consented to and acquiesced in the rulings of the trial court as heretofore designated, desiring to take his chances of a favorable verdict, with the power and intent to annul it as erroneous and void if the verdict should be against him. He cannot remain idly by and then profit by such conduct. To hold otherwise would be to definitely violate the right of the trial court to exercise its sound discretion in correcting errors in the admission, rejection or striking out of evidence.

Paragraph 6 of the syllabus in the original opinion and that part of the opinion adverse to the conclusion herein reached are hereby vacated. The verdict and sentence of the trial court are

AFFIRMED.

JOHNSEN, J., not participating.