DONALD SEGEBART, BY HIS GUARDIAN AND NEXT FRIEND, LOUIS SEGEBART, APPELLANT, V. ODDIE GREGORY, APPELLEE.
69 N. W. 2d 315

Filed March 11, 1955. No. 33626.

Ernest A. Raun, Alfred D. Raun, Ronald K. Samuelson, and Charles A. Fisher, for appellant.

Stubbs & Metz and A. W. Crites, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action to recover damages for personal injuries arising out of the collision of two automobiles on a highway at night. We had the case here in Segebart v. Gregory, 156 Neb. 261, 55 N. W. 2d 678, following the sustaining of a motion for a directed verdict for the defendant. The cause was remanded for a new trial. The matter was tried to a jury resulting in a verdict and judgment for defendant. Plaintiff appeals, assigning and arguing error here in several particulars.

We affirm the judgment of the trial court.

The general factual picture is set out in our former opinion. In summary, a car in which plaintiff was riding proceeded east along a poorly maintained highway on a rainy, dark night, turned to avoid a chuck hole in the pavement, and ran into the car of the defendant, resulting in severe personal injuries to the plaintiff.

At this trial, the evidence is positive that defendant's car was not in motion and was headed west with two wheels off the black-top pavement on the north side of the road. It had been so located for several minutes. The black-top pavement was 20 to 22 feet wide at that point. The evidence is also positive that the car in which plaintiff was riding moved from the south half of the

road over into the north half and ran head-on into defendant's car, striking defendant's car in front, but to the south half thereof. The evidence as to lights on defendant's car is in dispute. Plaintiff's witnesses testified that they saw no lights. Defendant's witnesses testified that the front parking lights of his car were on and operating.

Plaintiff requested an instruction to the effect that if the jury found that defendant parked or operated his car on the paved portion of the highway without lights or other warning on a dark night when it was raining, that it would constitute gross negligence. The trial court refused the request.

Plaintiff assigns and argues that the refusal to give the instruction was error.

Plaintiff relies upon the language quoted in our former opinion, to wit: "This court has said that it is gross negligence to leave an unlighted motor vehicle upon the highway on a dark night without warning to protect approaching travelers." Segebart v. Gregory, *supra*. We were there determining whether the evidence was sufficient to present a jury question under a rule which required that all facts be resolved in favor of the plaintiff. There was no conflict in the evidence at that time as to defendant's lights. The evidence was that there were no lights on the car. Here there is a conflict in the evidence as to that question.

The statement appears to have originated in Giles v. Welsh, 122 Neb. 164, 239 N. W. 813, and thereafter in Monasmith v. Cosden Oil Co., 124 Neb. 327, 246 N. W. 623, and subsequent cases dealing generally with what constituted gross negligence under the comparative negligence statute. The correct construction of the statement is suggested in Anderson v. Robbins Incubator Co., 143 Neb. 40, 8 N. W. 2d 446, wherein we said that in the two cases above cited we held: " * * * that leaving a truck on the highway without any flares or lights whatsoever was sufficient to permit recovery against the operator thereof for gross negligence."

The rule relied upon is one which relates to the comparison of different acts of negligence under the comparative negligence statute. That statute is not involved here.

The trial court properly refused to give the requested instruction.

Plaintiff next assigns as error the refusal of the trial court to give a requested instruction as follows: "You are instructed that a traveler on a public highway or roadway may ordinarily occupy and use any part of said highway or roadway he desires when not needed by another whose rights thereto are superior to his own. The rights of another to the superior use of a highway are determined by whether or not he has a legal right to the use thereof as he is then using it."

The first sentence is an abstract statement of law which appears in several of our opinions. The rule is one which has been applied here in determining the sufficiency of the evidence to go to the jury or to sustain a verdict. It first is so stated and used in the syllabus of Klaus v. Soloman Valley Stage Lines, 130 Neb. 325, 264 N. W. 747. Likewise it was so used in Kuska v. Nichols Construction Co., 154 Neb. 580, 48 N. W. 2d 682, again in Paxton v. Nichols, 157 Neb. 152, 59 N. W. 2d 184, and later in Born v. Estate of Matzner, 159 Neb. 169, 65 N. W. 2d 593. No authority is cited to support the second sentence. Just what was intended by the requested instruction and to whom and to what facts it was intended to apply is not clear. It is the rule that it is not error to refuse to give a requested instruction containing abstract principles of law where no effort is made in the instruction requested to apply the rule to the particular evidence and issues of the case to which it is claimed it is applicable. See, 53 Am. Jur., Trial, § 573, p. 451; 64 C. J., Trial, § 646, p. 736; 88 C. J. S., Trial, § 379, p. 962.

The trial court instructed the jury as to the statutory provision (§ 39-746, R. R. S. 1943) as to driving on

the right half of the highway unless impracticable and except when overtaking and passing another vehicle.

The instruction as to that matter would seem to be sufficient. We find no error in the refusal to give the tendered instruction.

Plaintiff requested an instruction as to the elements to be considered in measuring the damages that plaintiff suffered, including "the decreased purchasing power of money with respect to the commodities that are in use by the public generally and that may reasonable (sic) be said to constitute the necessaries of life, * * *."

Error is claimed because of the refusal of the court to so instruct.

We put aside consideration of the impact on the question of the fact that the jury denied damages in any amount. Juries have the right to take into consideration the purchasing power of money with respect to commodities that are in use by the public generally and may reasonably be said to constitute the necessaries of life. Dunn v. Safeway Cabs, Inc., 156 Neb. 554, 57 N. W. 2d 75; Dailey v. Sovereign Camp, W.O.W., 106 Neb. 767, 184 N. W. 920; Johnson v. Schrepf, 154 Neb. 317, 47 N. W. 2d 853. From that it does not follow that a court is required to instruct on that subject matter. The value of money is a representative one. It is fixed by the value of the thing or things for which it can be exchanged. Whether that value has depreciated or appreciated with reference to some other period is not material. The value of money, i.e. its purchasing power, is elemental within the knowledge and experience of men generally. It is one of the facts of life which jurors are presumed to know. It is not error for failure to instruct relative to the purchasing power of money. It is not a proper subject for an instruction. Rebholz v. Wettengel, 211 Wis. 285, 248 N. W. 109.

The court instructed the jury that the owner or operator of a motor vehicle was not liable to a guest passenger unless the driver was under the influence of intoxi-

cating liquor or was guilty of gross negligence, and that plaintiff was a guest of Sandoz. There was evidence of the presence of beer in the Sandoz car, although the drinking of intoxicants was denied by all the occupants appearing as plaintiff's witnesses. This instruction relates to the nonliability of Sandoz to the plaintiff. The plaintiff requested an instruction containing the element of Sandoz' nonliability because of the guest statute. The materiality of the instruction is not demonstrated. Prejudice to the plaintiff does not appear. If error, it was one invited by the plaintiff. The rule is: "Error cannot be predicated upon the giving of an instruction substantially similar to one requested by the party seeking to reverse the judgment." Jonasen v. Kennedy, 39 Neb. 313, 58 N. W. 122. See, also, Mullally v. Haslam, 106 Neb. 860, 184 N. W. 910; Tighe v. Interstate Transit Lines, 127 Neb. 633, 256 N. W. 319; Fonda v. Northwestern Public Service Co., 138 Neb. 262, 292 N. W. 712.

Sandoz was the driver of the car in which plaintiff was riding. In the decision of the case on its first appearance here, we held: "* * * if there was evidence that the defendant was guilty of negligence which caused the collision or if he was guilty of negligence which combined with negligence of Sandoz proximately contributed thereto then the court erred in not submitting the case to a jury." The syllabus states the rule as follows: "Where a plaintiff is free from negligence or contributory negligence and two or more parties are guilty of negligence in the operation of automobiles causing or proximately contributing to an accident and injury and damage to the plaintiff, and one being the host of the plaintiff and being free from liability because of the guest statute and the other or others not, the one or ones not being host may be held liable for the entire damage." Segebart v. Gregory, *supra*. Defendant assigns error in that the court did not instruct as set out in the previous opinion.

In the framing of an instruction, it is not necessary that

a trial court follow the exact language used by this court in stating a rule of law. A material variance is not claimed. We do not see error there.

The trial court instructed the jury as to the defendant's answer and set out seven alleged acts of negligence of Sandoz, together with the statement that defendant claimed that the negligence of Sandoz was the proximate and sole cause of the collision. Plaintiff assigns this as error, contending here that the instruction should have been limited to a statement that defendant had denied generally. Whether or not the negligence of Sandoz, if any, was the sole proximate cause of the collision was an issue. The court properly instructed on the claimed negligence of Sandoz. As above stated, the court specifically told the jury that the negligence of Sandoz, if any, could not be imputed to the plaintiff. Contributory negligence of plaintiff, if any, was not submitted to the jury. We find no error in the instruction.

Plaintiff next assigns error contending that the trial court submitted an instruction involving a special finding "after the jury had arrived at a verdict," and that in doing so the judge "must have told the jury something about this special finding" orally in violation of section 25-1115, R. R. S. 1943.

The first difficulty with this contention is that it finds no support in the transcript.

The transcript contains instructions given by the court, 18 in number, and each signed "Given:" by the trial judge in accord with the provisions of section 25-1113, R. R. S. 1943.

Following the 18 signed instructions, appears this: "Instruction No. — If you find for the defendant you will also answer the following Question: Do you find from the evidence that at the time of the accident the defendant had his parking lights burning? You will indicate by an X after the answer which represents your findings. Yes X No."

That is followed by a filing date which is the only one on all of the instructions. Section 25-1114, R. R. S. 1943, requires that instructions be filed before being read to the jury.

The journal entry signed by the trial court recites that the cause was submitted to the jury on "instructions of the Court"; that the jury retired, and on the same day returned into court their verdict in writing, finding for the defendant; and that the verdict was received and ordered filed "all of which is done instanter." No mention is made of the special finding in the journal entry. Plaintiff did not attempt to have this record changed so as to reflect the facts as he claims them to be.

The plaintiff relies on statements made by the trial court in a memorandum on the motion for a new trial in which the trial court recites that when the jury reported with a verdict, and before it was received, he submitted the interrogatory, and that the jury retired and returned with the verdict and answer to the question. These statements were made over 13 months after the events recorded in the journal as certified here. The plaintiff then is attempting to impeach the certified record of the proceedings, made at the time, by statements made by the court later. The statements are not in complete accord with the fact contention now advanced by the plaintiff. In any event the rule is: "It is a fundamental rule applicable to all appellate proceedings that the record of a court where a matter originated or was tried when properly authenticated imports absolute verity and cannot be contradicted, varied, or changed by oral testimony or any extrinsic evidence." In re Estate of Bednar, 151 Neb. 242, 37 N. W. 2d 195.

The assignment is not sustained.

The plaintiff, conceding that the trial court instructed that the negligence of Sandoz would not be imputed to the plaintiff, complains that it was not given in a separate instruction and was given only once. It appears

in an instruction of two sentences and where it was directly pertinent. We know of no rule, and are cited none, that requires that such an instruction be given separately and more than once.

The plaintiff next complains that the trial court did not, on its own motion, instruct as to the rules of the road involved in sections 39-757, 39-778, and 39-780, R. R. S. 1943. These sections relate to parking under particular conditions, and to particular requirements as to lights. We find nothing in the pleadings nor evidence that required the court to instruct as to those matters. The trial court did instruct as to the provisions of section 39-7,112, R. R. S. 1943, insofar as it relates to the issues and evidence present here as to parking and lights. The sufficiency of the instruction is not challenged here.

The plaintiff complains that there is a conflict between the instruction which dealt with the subject of proximate cause, whether the negligence of defendant alone or the combined negligence of defendant and Sandoz, and instructions dealing with the duty of a driver of a motor vehicle. Sandoz was the driver of one of the cars involved in this accident. Whether or not his negligence was the sole proximate cause was an issue. We find no conflict in the instruction. Contrary to plaintiff's contentions, these instructions do not impute Sandoz' negligence to the plaintiff. Contrary to plaintiff's contention, it was the court's duty to instruct as to the duties of Sandoz. The instructions relate not to imputed negligence but to the question of the negligence of Sandoz, if any, as "a" or "the" proximate cause. This disposes of plaintiff's contention that the trial court erred in giving defendant's requested instructions going to the duties of a driver.

A witness for the defendant was asked who, of the parties involved, were at the hospital after this accident. She named three, including Sandoz, and then volunteered "I know it was Sandoz, he came up and told what company he was insured by and gave it to the nurse." The

plaintiff promptly moved to strike. The court ruled: "It must be stricken and completely ignored by the jury." Plaintiff contends that the trial court erred in not declaring a mistrial.

It will be seen that the trial court ruled entirely as requested by the plaintiff and the court on its own motion directed that the statement be completely ignored by the jury. It does not appear that plaintiff objected in any wise to that disposition of the question, but rather accepted it and proceeded with the trial.

Paraphrasing what we said in Triplett v. Lundeen, 132 Neb. 434, 272 N. W. 307, if plaintiff was not satisfied that the jury would give him a fair trial, he had the opportunity of asking for a mistrial, but elected to proceed and take the chances of a favorable verdict. As we said in Long v. Crystal Refrigerator Co., 134 Neb. 44, 277 N. W. 830, it was incumbent upon plaintiff to make such objection and motion at that time. We there held that: "A party is not permitted to proceed with the trial without objection and speculate on the outcome of the jury's verdict, and, if unfavorable, contend that a mistrial should have been declared, when he did not ask for the same at the time." See, also, Millslagle v. State, 138 Neb. 778, 295 N. W. 394; Dunn v. Omaha & C. B. St. Ry. Co., 139 Neb. 765, 298 N. W. 741; In re Estate of House, 145 Neb. 670, 17 N. W. 2d 883.

Plaintiff's final assignment of error arises as a result of this situation. Medical and hospital bills were stipulated as to amount. On direct and cross-examination, plaintiff testified that he received $250 to apply on these bills. The source of the payment is not disclosed. The trial court in its instructions limited the recovery, if any, for those items to the sum of $180.75. The plaintiff tells us that this is the difference between the total of the stipulated expenses and the $250. Here as elsewhere in his brief, plaintiff has not complied with rule 8a 2(6) of the Supreme Court of the State of Nebraska, which is: "The statement of facts shall be made in

narrative form and shall consist of the substance of so much of the record, with appropriate reference, as is necessary to present the case."

We are unable to reconcile the figures, which we find on independent research, with those which plaintiff uses. So far as is required here, we accept plaintiff's figures. It is to be remembered that the jury's verdict was for the defendant. Without determining the error, if any, we follow the established rule which is: "If the jury finds the defendant in a personal injury action is not chargeable with negligence an error relating to the subject of damages is necessarily harmless." Perrine v. Hokser, 158 Neb. 190, 62 N. W. 2d 677.

Having found no prejudicial error in the assignments argued here, the judgment of the trial court is affirmed.

AFFIRMED.