JOHN S. DAVIS, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

106 N. W. 2d 490

Filed December 2, 1960. No. 34818.

*Jack L. Spence,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Bernard L. Packett,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is a prosecution for grand larceny. Briefly the State's evidence is that the complaining witness parked a motor vehicle on a downtown street in Omaha near a hotel where he had rented a room and where the vehicle was, in part, visible from his room. There was a large amount of valuable electrical equipment in the vehicle.

About 1:30 a.m. the complaining witness from his room observed a car with distinct markings which parked behind his vehicle, and that a person got out and attempted to open the door of his vehicle. The complaining witness called the police. By the time they arrived, the car had left. It returned in about 20 minutes. The police were again called. Another witness observed a passenger from the car removing packages from the vehicle and placing them in the car. The police arrived. The car left. A chase followed. The car was wrecked. The defendant fled. He was captured. Parcels from the complaining witness' vehicle were found in the car in which defendant was riding. There followed a jury trial, a conviction, and an overruling of a motion for a new trial.

Defendant brings the matter here on petition in error. We affirm the judgment of the trial court.

Under the provisions of Revised Rules of the Supreme Court, rule 8a2(4), we consider errors assigned and discussed, and in the order presented by the defendant.

It appears that the trial above referred to was the second trial of the cause. The State produced a deputy sheriff who testified that in response to a subpoena he sought a witness for the State at her place of employment at the time of the first trial and was told that she no longer worked there. He next sought her at her residence address and was told she had married and left the city. He returned the subpoena reciting in the return that the witness was not found.

The defendant objected to the admission of the record of the former testimony of this witness, both direct and cross-examination. The court overruled the objection. The basis of the objection was that the State had not shown "a diligent search" for the witness.

The State says that the defendant waived the objection. We do not so read the record.

The trial court overruled the objection above recited. The State then asked the defendant to waive foundation for the reading of the record "from the transcript." The defendant waived the foundation so as to permit that to be done. The State reaches too far in this contention.

The right of the accused to "meet the witnesses against him face to face" (Art. I, § 11, Constitution) and the right of the State to prevent a miscarriage of justice because of the absence of a witness, have been presented and reconciled in this state.

In Koenigstein v. State, 103 Neb. 580, 173 N. W. 603, we held that: When a witness has been previously examined in open court with the opportunity for cross-examination, which has been fully availed of, and the witness cannot be procured for examination at the second trial, the evidence so given upon a former trial for the same offense may be used on the second trial. In such a case, it must affirmatively appear that the per-

sonal attendance of the witness at the trial cannot be had. This question is in the sound discretion of the trial court, and that discretion will not be interfered with upon appeal unless an abuse of discretion is affirmatively shown. In the body of the opinion we said: "* * * we ought not to reverse the action of the trial judge upon such questions as this, unless the facts proved make it clearly appear that he has abused his discretion."

This was followed in Meyers v. State, 112 Neb. 149, 198 N. W. 871, and subsequent cases.

In Trobough v. State, 122 Neb. 7, 238 N. W. 771, we held: "It is elementary that the evidence of a witness at a former trial may be read at a later trial, where such witness cannot be located to testify at a subsequent trial of the same case."

In Callies v. State, 157 Neb. 640, 61 N. W. 2d 370, we held: "There must be evidence of diligence on the part of the prosecution to locate the witness, and evidence of the unavailability of the witness to testify."

We do not find an abuse of discretion in this case. The claimed error is not sustained.

The next assignment relates to three pictures showing the property claimed to have been involved in this alleged offense which were offered and received in evidence. Defendant argues as error the admission of two of the pictures. He also argues as error the admission of a picture showing the parking place of the complaining witness' car taken from his hotel window, from which the complaining witness said he could see, in part, his motor vehicle. He also argues as error the admission of two pictures of the wrecked car which defendant was driving. The State produced evidence showing the presence of the material taken in the complaining witness' vehicle. It was then in boxes; a witness testified to seeing it taken from that vehicle and put in a car; other witnesses saw it in the car driven by the defendant; it was taken to the police station,

removed from that car and identified, and returned to the complaining witness; and it was later photographed. The chain of identity runs throughout the evidence. Although admitted early in the trial, the identification was reinforced as the trial progressed. Prejudice is not claimed by the admission after identification at the early stages of the trial.

The other pictures objected to are not claimed to be other than accurate representations of the things portrayed. While prejudice is claimed, it is not shown.

The rule repeatedly stated is: A photograph proved to be a true representation of the person, place, or thing which it purports to represent is proper evidence of anything of which it is competent and relevant for a witness to give a verbal description. Brockman v. State, 163 Neb. 171, 79 N. W. 2d 9.

The assignment is not sustained.

The next assignment of error arises from this situation: As previously suggested, the case had been tried before and a verdict of guilty set aside. This was the second trial. The State rested on January 27, 1960. The bill of exceptions does not show that the court had admonished the jury not to read newspaper articles.

On the morning of January 28, 1960, the defendant advised the court that an article appeared in an evening paper concerning the trial; that it referred to the former trial; and recited that the verdict in the former trial had been turned down for a technical error. The defendant claimed prejudice. He did not offer the alleged offending article for examination by the court. The trial court could hardly be expected to go buy the paper nor to advise the jury without seeing its contents. Defendant asked that the jury be polled to determine if any of the jurors had read the article and that, in the event they had, he would make a motion for a mistrial. The motion to poll the jury was overruled. Thereafter the newspaper article and affidavits of jurors were offered in evidence on the motion for a new trial.

Obviously instead of offering the claimed offending article in evidence when it was published, defendant elected to take his chances on a favorable verdict. He thereafter proceeded to offer his evidence-in-chief. A favorable verdict not having been had, he now seeks to take advantage of the claimed error.

We have repeatedly held: Whenever the facts stated in the record are consistent with the duty of the court, and nothing is shown to establish a contrary theory, it will be assumed that the court acted properly and all things were rightly done. Spreitzer v. State, 155 Neb. 70, 50 N. W. 2d 516.

We have also held: A party is not permitted to proceed with the trial without objection and speculate on the outcome of the jury's verdict, and, if unfavorable, contend that a mistrial should have been declared, when he did not ask for the same at the time. Segebart v. Gregory, 160 Neb. 64, 69 N. W. 2d 315.

Our concluding paragraph in Millslagle v. State, 138 Neb. 778, 295 N. W. 394, seems applicable here: "We conclude the defendant consented to and acquiesced in the rulings of the trial court as heretofore designated, desiring to take his chances of a favorable verdict, with the power and intent to annul it as erroneous and void if the verdict should be against him. He cannot remain idly by and then profit by such conduct. To hold otherwise would be to definitely violate the right of the trial court to exercise its sound discretion in correcting errors * * *."

The jury found the value of the property taken to be $505. The complaining witness was a salesman in charge of the property. He sold on a commission basis. He testified that the retail price was a little over $500 and that the cost was $400. The complaining witness made out a report to the police department showing the approximate value of the property to be $505 as based on the five different articles, although there was an error in the totaling of the amounts. This witness

testified without objection that the values shown as to each item were the "reasonable fair value." The testimony as to value was not challenged by defendant's evidence.

We have held: In a prosecution for larceny, proof of the value of the property stolen must be made by at least one witness affirmatively shown to possess knowledge of the value concerning which he is called upon to give evidence. Spreitzer v. State, *supra*.

The assignment does not merit further discussion. It is not sustained.

Defendant next complains of certain instructions. Instruction No. 14 was: "Evidence has been offered and admitted, tending to show flight by the defendant soon after commission of the offense charged in the Information, and before he had been apprehended or taken into custody.

"You are instructed that the voluntary flight of a person immediately or soon after the occurrence of a crime, with which the person so fleeing has been charged, is a circumstance, not sufficient of itself to establish guilt, but a circumstance nevertheless which the Jury may consider in connection with all the other evidence in the case to aid you in determining the question of the guilt or innocence of such person."

The undisputed evidence was that defendant and his companion left the scene of the crime when a police car appeared; that they were chased several blocks; that shots were fired; that the pursuing and pursued cars collided and were damaged; and that defendant fled on foot and was finally taken after a struggle.

The defendant testified that he fled because he was driving the car without having a driver's license. The rule stated in 23 C. J. S., Criminal Law, § 1185, p. 725, is: "It is proper and not invasive of the province of the jury for the court, in charging on the flight of accused, to tell the jury that it is a circumstance which may be considered by them, and from which

they may draw an inference of guilt in connection with other circumstances."

Also in 23 C. J. S., Criminal Law, § 907, p. 147, it is stated: "The flight of accused is a circumstance to be considered against him in connection with the other evidence, its probative effect, as evidence of guilt, depending on the conditions and the motive which prompted it."

Further, in 53 Am. Jur., Trial, § 710, p. 537, it is stated: "Where, in a criminal case, there is evidence of the defendant's flight, the jury should be properly instructed as to the manner in which they should consider and weigh such evidence, * * *."

Under the circumstances here, the instruction given was favorable to the defendant. The instruction given was a proper one under the circumstances.

The court instructed the jury in instruction No. 12 that: "The defendant has testified in his own behalf as he had a right to do. You have no right to disregard the testimony of the defendant on the grounds alone that he is the defendant and stands charged with the commission of a crime; nor are you required to receive the testimony of the defendant as true, but you are fairly and fully to consider whether it is true, and for this purpose you have the right to consider the interest of this defendant in this prosecution. This last sentence is not intended to impeach or discredit the testimony of the defendant, but only as a reasonable precaution for you to observe.

"The law presumes this defendant to be innocent until he is proved guilty by the evidence beyond a reasonable doubt. The law allows him to testify in his own behalf and you should fairly and impartially consider his testimony, together with all of the other evidence in this case."

The court also instructed the jury in instruction No. 13 that: "You are instructed that there has been testimony to the effect that the defendant has been pre-

viously convicted of felonies. This testimony is admissible and received only for the purpose of affecting the credibility of the defendant as a witness and is not to be considered by you except for that purpose, in determining his guilt or innocence of the offense charged."

Defendant complains about these instructions separately and together as giving undue prominence to the personal interest of the defendant in the outcome of the prosecution.

Instruction No. 12, with a cautionary instruction for the benefit of the defendant added, was substantially approved in Johnson v. State, 88 Neb. 565, 130 N. W. 282, Ann. Cas. 1912B 965, and again approved in Lovings v. State, 158 Neb. 134, 62 N. W. 2d 672. It is again approved.

As to instruction No. 13, the rule is stated: "An instruction that accused's prior conviction may be considered only for the purpose of affecting his credibility is not prejudicial error as commenting on his credibility." 23 C. J. S., Criminal Law, § 1181, p. 721.

The jury may be told that in deciding on the weight to be given the testimony of the accused it may consider the former conviction of the accused. 53 Am. Jur., Trial, § 789, p. 586.

We held in Vanderpool v. State, 115 Neb. 94, 211 N. W. 605, that it is the better practice for the court, even when no request is made, to instruct the jury that evidence as to the previous conviction of the accused of a felony is to be considered as affecting his credibility as a witness, and not as tending to prove the crime as charged. As stated therein: "Without such an instruction the jury are apt to regard the previous conviction as a circumstance tending to prove guilt of the offense for which accused is being tried."

The instruction was obviously for the benefit of the defendant. We find no merit in the assignments involving this instruction.

Finally, defendant asserts there was misconduct of

counsel for the State in making inflammatory references during argument to the jury to another police chase in the city of Omaha. The only references to it which we find or which have been pointed out are statements appearing in affidavits of jurors offered in support of a motion for a new trial. The rule is: A party may not complain of misconduct of counsel if, with knowledge of such misconduct, he does not ask for a mistrial, but consents to take the chance of a favorable verdict. Johnson v. Nathan, 161 Neb. 399, 73 N. W. 2d .398.

The judgment of the trial court is affirmed.

AFFIRMED.