LOUIS H. BAUERLE ET AL., APPELLANTS AND CROSS-APPELLEES, V. ROBERTA FROSH, APPELLEE AND CROSS-APPELLANT.

141 N. W. 2d 748

Filed April 15, 1966. No. 36144.

Bosley & Bosley, for appellants.

Daniel E. Owens and Russell, Colfer & Frazier, for appellee.

Clarence A. H. Meyer, Attorney General, Bernard L. Packett, Maupin, Dent, Kay & Satterfield, McGinley, Lane, Mueller & Shanahan, Bern R. Coulter, and Davis, Thone, Bailey, Polsky & Hansen, for amici curiae.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and KUNS, District Judge.

BOSLAUGH, J.

This is a proceeding under section 72-240.06, R. S. Supp., 1963, to determine the value of the improvements upon a tract of school land. Louis H. Bauerle and Lola V. Bauerle, the plaintiffs, are former lessees. Roberta Frosh, the defendant, is the new lessee.

Two of the appraisers fixed the value of the improvements at $11,622. The third appraiser valued the improvements at $6,952.10. The plaintiffs and the defendant then appealed to the district court where the jury returned a verdict in the amount of $4,000. The plaintiffs' motion for new trial was overruled and they have appealed to this court.

The assignments of error relate to the sufficiency of the evidence to sustain the judgment, and alleged misconduct of the defendant.

The improvements involved in this proceeding are 78.6 acres of winter wheat; a pasture fence and a lot fence; a catch pen and loading chute; a garage; a steel grain bin; a water supply consisting of a windmill, well, pump, pipes, and steel tank; a basement house; an outdoor toilet; a granary and cattle shed barn; dams and terraces; and disking and cultivation for future crops. The defendant's lease commenced January 1, 1964, and the improvements are to be valued as of that date.

The evidence is in conflict as to the value and condition of the improvements. Plaintiff Louis Bauerle testified that the improvements had a value of $12,488.40. Elmo Frosh, the defendant's husband, testified that the value of the improvements was $3,125.47. Other witnesses testified as to values between those amounts or as to the value of particular items.

On direct examination, Elmo Frosh testified that the total value of all the improvements was $4,012.39. He did not separately value the growing wheat, but by deducting the values placed on other individual items, his testimony indicates that he valued the wheat at $1,893.12. On cross-examination, his testimony as to the value of the wheat was stricken upon the motion of the plaintiffs. Later, this witness testified that the wheat had a value of $12.90 per acre, which extended amounts to $1,006.20 for 78 acres. Thus, the testimony of this witness which the jury was permitted to consider valued the improvements at $3,125.47.

There was evidence that some of the improvements were of little or no value. For example, the basement house had no value except for salvage purposes. There was testimony that the labor required to dismantle the house would exceed the value of the material which could be salvaged.

The plaintiffs argue that the verdict in this case is clearly against the weight and reasonableness of the evidence, that it must be set aside, and a new trial granted. From our examination of the record we con-

clude that this contention cannot be sustained. Although the evidence would sustain a verdict for a higher amount, and the verdict in this case is in the lower range of the testimony, the evidence does sustain the judgment. The value of the improvements involved in this case is a question of local nature, and the verdict of the jury should not be set aside unless it is clearly wrong.

The defendant attempted to cross-examine the plaintiff Louis Bauerle as to personal property tax schedules or returns filed by him. The plaintiffs' objections to the questions asked were sustained. Later, the defendant called the county assessor and had him identify a 1964 personal property tax schedule filed by Bauerle. The defendant then recalled Bauerle for additional cross-examination and again attempted to cross-examine him concerning the schedule. The plaintiffs' objections to these questions were sustained. The plaintiffs did not move for a mistrial.

The plaintiffs contend that the defendant's attempts to inject the personal tax schedule of Louis Bauerle into the case tended to confuse and mislead the jury and prevented the plaintiffs from having a fair trial. The plaintiffs assume that the defendant was not entitled to cross-examine Bauerle as to values which he listed in the tax schedule. However, it is unnecessary for us to decide that question. Under the circumstances in this case, the plaintiffs' failure to move for a mistrial precludes a consideration of the alleged error. Segebart v. Gregory, 160 Neb. 64, 69 N. W. 2d 315.

The trial court taxed the costs of the action to the defendant. By cross-appeal the defendant contends that this was erroneous and that the costs should have been taxed to the plaintiffs.

Section 72-240.06, R. S. Supp., 1963, provides that all proceedings on appeal to the district court shall be had and conducted in the manner prescribed in sections 76-716 to 76-720, R. S. Supp., 1963. Section 76-720, R. S. Supp., 1963, provides as follows: "If an appeal is taken

from the award of the appraisers by the condemnee and the amount of the final judgment is greater by fifteen per cent than the amount of the award, or if appeal is taken by the condemner and the amount of the final judgment is not less than eighty-five per cent of the award, or if appeal is taken by both parties and the final judgment is greater in any amount than the award, the court may in its discretion award to the condemnee a reasonable sum for the fees of his attorney and for fees necessarily incurred for not more than two expert witnesses. On any appeal by the condemner, the condemner shall pay all court costs on appeal. If appeal is taken by the condemnee only, he shall be charged with such costs if the final judgment is not greater than the award of the appraisers."

In this case the defendant filed a notice of appeal to the district court from the appraisement. The costs in the district court were properly taxed to the defendant.

The judgment of the district court is affirmed.

AFFIRMED.